IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT J. MELNICK | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WELLS FARGO BANK, et. al. | : | NO. 14-CV-3083 |

### MEMORANDUM AND ORDER

Ditter, J.  July 30, 2014

Scott J. Melnick has filed a *pro se* complaint against Wells Fargo Bank and Jo Ellen Baterick. For the following reasons, the Court *sua sponte* dismisses Melnick's complaint, with prejudice.

I am mindful of my duty to liberally construe *pro se* pleadings and to accept all factual allegations in the complaint as true and construe the complaint in the light most favorable to the plaintiff. However, "[a] federal court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the allegations within the complaint 'are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly insubstantial, . . . obviously frivolous, . . . plainly unsubstantial, . . . or no longer open to discussion.'" *DeGrazia v F.B.I.*, 316 F. App'x 172, 173 (3d Cir. 2009) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).[1]

---

[1] Melnick paid the administrative filing fee and is not proceeding *in forma pauperis*. Therefore, the standards for dismissal under 28 U.S.C. § 1915 do not apply. *See DeGrazia v F.B.I.*, 316 F. App'x at 173.

I find that the *sua sponte* dismissal of Melnick's complaint is warranted because the allegations contained therein are clearly devoid of merit, wholly insubstantial and obviously frivolous. *See id*. Melnick claims to be a psychic and to have the ability to "call the ball" for the powerball lottery winners. *See Melnick v. Krochta*, C.A. No. 14-0256, (Doc #1) Compl. at p. 3a. He alleges that he is entitled to a portion of the lottery winnings of various powerball winners. *Id*. at 3c. His claim against Wells Fargo Bank and Baterick is entirely unclear, the only discernable assertion Melnick makes is that he visited the bank and that Baterick assisted him at the teller window. Compl. at 3a. Wells Fargo and Baterick's connection to the lottery is unknown. There is no question that Melnick's complaint meets the standard for *sua sponte* dismissal, as his claims rely on fantastic scenarios lacking any arguable factual basis. *See DeGrazia v F.B.I.*, 316 F. App'x at 173.

In addition, dismissal of this complaint is warranted because the complaint plainly fails to comply with Rule 8 of the Federal Rules of Civil Procedure. It is well-settled that [t]he Federal Rules of Civil Procedure require that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief and that each averment be concise and direct. *See* Fed.R.Civ.P.8(a)(2) & (e)(1); *Scibeli v. Lebanon County*, 219 F. App'x 221, 222 (3d Cir. 2007). Thus, when a complaint is incomprehensible or largely unintelligible, an order dismissing the complaint under Rule 8 is clearly appropriate. *Id*. Furthermore, dismissal under Rule 8 is proper when a complaint leaves the defendants "having to guess what of the many things discussed constituted [a cause of action];" or

2

when the complaint is so rambling and unclear as to defy response. *Binsack v. Lackawanna Cty. Prison*, 438 F. App'x 158, 160 (3d Cir. 2011); *see also Tillio v. Speiss*, 441 Fed. App'x 109, 110 (3d Cir. Aug 4, 2011).

Here, Melnick's complaint is largely incomprehensible. The factual averments set forth in the complaint consist of a random assortment of events and allegations without any context or coherence. Therefore, Rule 8 compels dismissal of this complaint because it is not a short and plain statement of a cause of action containing averments that are concise and direct.

The Third Circuit Court of Appeals instructs that district courts should not dismiss a *pro se* complaint without allowing the plaintiff leave to amend unless amendment would be inequitable or futile. *See Kim v. I.R.S.*, 522 Fed. App'x. 157, 159 (3d Cir. 2013). Melnick filed his initial complaint on May 16, 2014, and filed another document also titled complaint on July 24, 2014. This second document fails to shed any additional light on Melnick's purported claims. Because the complaint provides no basis upon which this court can exercise subject matter jurisdiction[2], and because the jurisdictional deficiencies are incapable of being cured by way of further amendment, dismissal of the complaint is appropriate. Accordingly, Melnick's complaint is dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

An appropriate order follows.

---

[2] Melnick claims his basis for jurisdiction is Federal Question and Diversity of Citizenship Compl. at 2. He does not elaborate on either. It is clear that there is no diversity jurisdiction because, based on the complaint, Melnick and Baterick are Pennsylvania residents.